IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DANNY JAMES FEBO, et al.<br>    **PlaintiffS**<br><br>        v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.<br><br>    **DefendantS** | **CIVIL NO.** 21-1595 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

    On December 28, 2021, Plaintiff Danny James Febo, Maria de Lourdes Burgos-Pantojas, and their conjugal partnership (jointly, "Plaintiffs") filed a *Complaint* against the Commonwealth of Puerto Rico ("the Commonwealth") and the Negociado del Cuerpo de Bomberos de Puerto Rico (or "the Puerto Rico Fire Department" in English) for religious discrimination, failure to provide religious accommodation, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Docket No. 5).

    The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") provides for the "automatic stay" of pending cases against the Government of Puerto Rico. This "stay" acts as a

protective measure to the debtor. See 48 U.S.C. §§ 2102-2241. Specifically, the automatic stay under PROMESA applies to:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Government of Puerto Rico that was or could have been commenced before the enactment of this chapter, or to recover a Liability Claim against the Government of Puerto Rico that arose before the enactment of this chapter[.]

48 U.S.C. § 2194 (b)(1).

This provision is intended to "effectively stop all creditor collection efforts . . . thereby affording the parties and the [c]ourt an opportunity to appropriately resolve competing economic interests in an orderly and effective way." In Re Financial Oversight and Management Board for Puerto Rico, 919 F.3d 121, 129 (1st Cir. 2019) (internal citations omitted). Due to PROMESA, in most scenarios when a party is solely seeking monetary relief from the Commonwealth, an automatic stay is applicable. See Gomez-Cruz v. Fernandez-Pabellon, 2018 WL 4849650, at *4 (D.P.R. 2018).

This automatic stay applies to all entities of the Government of Puerto Rico, including its instrumentalities. See 48 U.S.C. §§ 2104(11), 2194(b). Section 101(d)(1)(A) of PROMESA states that the Financial Oversight and Management Board for Puerto Rico ("the Oversight Board"), "in its sole discretion at such time as [it] determines to be appropriate, may designate any territorial instrumentality as a covered territorial instrumentality that is

subject to the requirements of" PROMESA. <u>Autonomous Municipality of San Juan v. Fin. Oversight & Mgmt. Bd. for Puerto Rico</u>, 419 F. Supp. 3d 293, 297 (D.P.R. 2019) (quoting 48 U.S.C. § 2121(d)(1)(A)). Moreover, PROMESA defines "territorial instrumentality" as "any political subdivision, **public agency**, instrumentality ... or public corporation of a territory." <u>Id.</u> (quoting 48 U.S.C. §§ 2104(19)(A), 2104(18)) (emphasis added).

On May 3, 2017, in its Petition for relief under Title III of PROMESA, the Oversight Board, acting on behalf of the Commonwealth, identified the Commonwealth of Puerto Rico (Primary Government) as an entity covered by PROMESA. *See* In re: Commonwealth of Puerto Rico, No. 17-cv-01578 (LTS), Docket No. 1-4 ¶ 35.[1] The Court also notes that the Commonwealth's designation as a covered entity includes "all departments, offices, programs, etc. and all funds related to Governmental and Business Activities of the Primary Government such as the General Fund Operating budget and Non-Operating Budget." <u>Id.</u> at ¶ 1 n.1. Accordingly, here, neither party is alleging that the Fire Department is not an agency of the Commonwealth not covered by PROMESA. Furthermore, persuasive precedent from the Puerto Rico Court of Appeals has held that

---

[1] This list of 63 governmental entities covered by PROMESA is available at: https://promesa.prd.uscourts.gov/sites/default/files/01-4.pdf (last visited on July 12, 2022). The Court notes that Case No. 17-cv-01578(LTS), where this list was originally filed, has been consolidated with <u>In re: Commonwealth of Puerto Rico</u>, No. 17-bk-3283 (LTS).

lawsuits seeking monetary damages from the Fire Department are automatically stayed by PROMESA.[2] *See e.g.*, Sindicato De Bomberos De Puerto Rico v. Cuerpo De Bomberos De Puerto Rico, 2017 3867798, at *1 (P.R. Cir. 2017).[3]

The United States District Court for the District for Puerto Rico has discretion to determine whether a stay is applicable. *See* Gomez-Cruz, 2018 WL 4849650, at *3 (D.P.R. 2018) (internal citations omitted). The automatic stay under PROMESA does have exceptions, namely in *habeas corpus* petitions and when government officials are sued in their individual capacities. *See* Atiles-Gabriel v. Puerto Rico, 256 F. Supp.3d 122, 127-128 (D.P.R. 2017); Guadalupe-Baez v. Pesquera, 269 F. Supp. 3d 1, 3 (D.P.R. 2017). None of these exceptions apply here.

Lastly, PROMESA allows a party to move for relief from the automatic stay. An interested party must file a motion with the United States District Court for the District for Puerto Rico. The District Court may grant relief from the stay "after notice and a hearing . . . for cause shown." 48 U.S.C. § 2194(e)(2). Reasons

---

[2] *See* AES Puerto Rico, L.P. v. Trujillo-Panisse, 133 F. Supp. 3d 409, 415 (D.P.R. 2015) (holding that "documents on file in federal or state courts are proper subjects of judicial notice.") The Court also notes that Puerto Rico Court of Appeals decisions "are non-binding, but do provide instructive guidance." Teamcare Infusion Orlando, Inc. v. Humana Health Plans of Puerto Rico, Inc., 2018 WL 9412924, at *5 (D.P.R. 2018) (citing West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237 (1940) and CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co., 962 F.2d 77, 91 (1st Cir. 1992)).

[3] While the stay against the Fire Department was ultimately lifted per an Order from the Hon. Laura Taylor Swain, that Order is inapplicable here.

that may be considered "for cause" and which can lead to relief from the automatic stay can be found in the Bankruptcy Code. *See* 11 U.S.C. §362(d). Further, the stay terminates forty-five (45) days after a request for relief from a stay is made unless the court overseeing the stay says otherwise. *See* 48 U.S.C. § 2194(f).

There are several steps a moving party must take before filing a "Stay Relief Motion" from an automatic stay against the Commonwealth. In a nutshell, an interested party must first notify the Financial Control Board's attorneys via e-mail fifteen (15) days prior to filing an action requesting relief from the stay. A moving party must notify both their intent to seek relief from the stay, called a "Lift Stay Notice", **and** the notice period, which is called a "Lift Stay Notice Period."[4] During the "Lift Stay Notice Period," the Debtors and movant shall meet and attempt to resolve the movant's request for relief. Only if the Debtors disagree with the movant's request for relief or if the "Lift Stay Notice Period" expires before both sides can reach an agreement, can the movant then file a "Stay Relief Motion" in accordance with the Case Management Procedures. *See* Exhibit "1" of the link included in Footnote Number 4 of this Order regarding the relevant pages from

---

[4] For all the information that must be included in the email to the Financial Control Board's attorneys, please see the following link: https://promesa.prd.uscourts.gov/sites/default/files/17-bk-3283-20190.pdf (last visited July 12, 2022). The link contains all the information an interested party needs to know regarding case management procedures for all proceedings under Title III of PROMESA. The procedure to request a lift of stay can be found in pages 14-16, Paragraphs R-V. *See* Exhibit 1.

the "Order Further Amending Case Management Procedures" which details the procedure to request relief from an automatic stay. This Order was issued by the Hon. Laura Taylor Swain, United States District Judge, on February 22, 2022.[5] Any "Motion for Relief from Stay" must be filed at Case No. 17-BK-3283-LTS and addressed to the Hon. Judge Laura Taylor Swain.

The automatic stay applies to this case regarding Plaintiff's request for monetary damages. The case is thus stayed pursuant to 48 U.S.C. §2161 and 11 U.S.C. §§ 362 and 922. If the stay is lifted, the parties shall inform the Court within seven (7) days.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of July 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge

---

[5] Id.